UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BAKER,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

Case No. 12-cv-14530

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION** (document no. 15), **DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (document no. 10), **AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (document no. 14)

The Social Security Administration ("SSA") denied Plaintiff and claimant David Baker's application for supplemental security income ("SSI") in a decision issued by Administrative Law Judge ("ALJ") Janice E. Shave on June 22, 2011. After the SSA Appeals Council declined to review the decision, Baker appealed to this Court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross motions for summary judgment. On September 25, 2013, the magistrate judge issued a Report and Recommendation ("Report"), suggesting denying Baker's motion and granting the Commissioner of Social Security's ("Commissioner") motion. Report, ECF No. 15.

Baker filed four timely objections that which essentially constitute five different arguments. He contends that: the Report erred in liming its assessment of the ALJ's decision's failure to find his depression to be a severe impairment at step two; the Report failed to address the failure to incorporate any psychological limitations into his residual functional capacity; the Report erred in finding that the ALJ had no duty to develop the

record when he was unrepresented at the hearing; the Report erred in finding that the psychiatric treatment records submitted for the first time to the Appeals Council were not new and material; and the Report erred in finding that his treating physician's opinion that he was limited to no sitting or standing was included in the residual functional capacity with a sit-stand option.

Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72; *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980) (holding 28 U.S.C. § 636 did not require a hearing for de novo review of a magistrate's findings); *see also Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, 09-14919, 2012 WL 1622897 (E.D. Mich. 2012). After examining the record and considering Baker's objections de novo, the Court concludes that his objections do not have merit. Accordingly, the Court will adopt the Report, grant the Commissioner's motion for summary judgment, deny Baker's motion for summary judgment, and dismiss the case.

**BACKGROUND**

Baker was 40 years old at the date of his application for benefits on February 18, 2010. Administrative Record ("A.R") at 127. He last worked in 2000 building trusses for a month, but left that job because his knees and back hurt. A.R. at 43-44. He had left his previous job building modular homes when he got hurt on the job, having injured his back, shoulder, and knee. A.R at 45. Baker alleged the following disabilities on his application: carpel tunnel; two shattered vertebra; knee pain; and right shoulder pain. A.R at 138. He claimed his condition limited his ability to sit, stand, walk, lift, squat, bend, reach, kneel, climb, use his hands, remember, concentrate, and persist on task. A.R. at 151-58.

The Social Security Administration denied benefits and Baker filed a timely request

for a hearing. On June 2, 2011, Baker appeared without counsel at the hearing held before ALJ Shave. A.R. at 29. Vocational Expert Adolph Cwik also appeared and testified as did Baker's mother Bertha Baker. *See* A.R. at 28-73.

On June 22, 2011, the ALJ issued his final report denying Baker's application for benefits. A.R. at 16-24. Overall, ALJ Shave found that Baker was not disabled. She determined that Baker had a residual functional capacity to perform light work, noting that he could occasionally balance, kneel, stoop, crouch, and crawl, could never climb ladders, ropes or scaffolds, must avoid concentrated exposure to vibrations and hazards, should have no exposure to unprotected heights, required a sit/stand option, allowing him to sit or stand alternatively, at will, and was unable to work at jobs requiring complex written communication.

When applying for disability benefits, a claimant has the burden to establish an entitlement to benefits. *Wyatt v. Sec'y of Health & Human Servs.,* 974 F.2d 680, 683 (6th Cir. 1992). In reviewing an application, an ALJ must examine the evidence using the five-step evaluation process specified by 42 U.S.C. § 423 and 20 C.F.R. § 404.1520. The "claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five." *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 548 (6th Cir. 2004). If the claimant can establish an entitlement to benefits at any step, the inquiry ends and the claimant is entitled to benefits.

First, the ALJ must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b). Here, the ALJ found that Baker had not engaged in substantial gainful activity since February 18, 2010, the application date. A.R. at 18.

Second, the ALJ must determine whether the claimant suffers a "severe impairment"

that "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Here the ALJ found that Baker suffered from the following severe impairments: carpal tunnel syndrome; post surgery repair; obesity; status post fracture of L1-L2; and status post left knee meniscectomy. A.R. at 18.

The ALJ determined that Baker's depression did not cause more than minimal limitation in his ability to perform basic mental work activities and was, therefore, non-severe. *Id.* In doing so, she considered the four board functional areas set out in the disability regulations for evaluating mental disorders in section 12.00C of the listings. *Id.* She found no limitation in activities of daily living in that Baker took care of his pets, prepared simple meals, performed light household chores, shopped, drove, mowed his lawn, and maintained his own personal care. *Id.* The ALJ found no limitation in social functioning because Baker shopped and spent time with his family. *Id.* She found a mild limitation in concentration, persistence, or pace since Baker testified that he did not always understand what he read, and asserted that he had limited concentration as a result of pain. *Id.* Finally, the ALJ concluded that Baker experienced no episodes of decompensation of extended duration. *Id.*

Third, the ALJ must determine whether the claimant can prove the impairment "meets or equals" an impairment category found in the Social Security listing at 20 C.F.R. Pt. 404, Subpt. P, Appx. 1. If a claimant meets one of these categories, the claimant is considered disabled regardless of age, education, or work experience considerations. 20 C.F.R. § 404.1520(d). Here, the ALJ found that Baker's impairments, whether individually or combined, did not meet or equal the criteria for listings 1.02, major dysfunctions of joints, 1.04, disorders of the spine, and 11.04, central nervous system vascular accident. The ALJ

determined that the medical evidence did not document listing-level severity and no acceptable medical source included findings equivalent in severity to the criteria of any listed impairment, individually or in combination. A.R. at 19. She noted that, although obesity is no longer a listed impairment, she considered it in relation to the musculosketal, respiratory, and cardiovascular body systems. A.R. at 19.

Fourth, if, as here, the claimant cannot meet or equal one of the listed entries, the ALJ will make a determination of the claimant's "residual functional capacity" to engage in work, and the claimant must show he cannot engage in work he has performed in the past. In making this determination, the ALJ will consider all the relevant evidence. The ALJ must first conclude there is an underlying medical impairment capable of producing the claimant's symptoms, and then make a judgment as to the intensity, and limiting effects of the symptoms on the claimant's ability to work. The ALJ uses this judgment to determine a claimant's residual functional capacity. 20 C.F.R. § 404.1520(e).

The ALJ concluded that Baker had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b). A.R. at 20. She determined that he had the following restrictions: he can occasionally balance, kneel, stoop, crouch, and crawl; he can never climb ladders, ropes or scaffolds; he must avoid concentrated exposure to vibrations and hazards; he should have no exposure to unprotected heights; he requires a sit/stand option, allowing him to sit or stand alternately, at will; and is unable to work at jobs that require complex written communication. *Id.*

The ALJ concluded that, while Baker’s medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the

extent that they were inconsistent with the residual functional capacity assessment. *Id.*

The ALJ found that the objective medical evidence did not show that Baker's allegations were consistent with the total inability to sustain full-time work activity. A.R. at 21. The ALJ gave great weight to the opinion of Dr. Vincent Schultz, who treated Baker for six years, stating that a compression fracture in Baker's mid back limited his ability to engage in activities involving bending, sitting, or standing for long periods of time. *Id.* She also gave significant weight to the opinion of Dr. Richard Gause, who examined Baker on behalf of the SSA, and concluded that, while there was no question that Baker was in pain, he seemed to be maximizing it for effect. *Id.*

Fifth, the ALJ must determine, based on the residual functional capacity and the claimant's age, work experience, and education, whether the claimant can engage in other work that is available in the national economy. 20 C.F.R. § 404.1520(f). The ALJ determined that Baker was unable to perform any past relevant work as an unskilled laborer, truss machine tender, or construction laborer. A.R. at 22. Considering Baker's age, education, work experience, and residual functional capacity along with the testimony of the vocational expert, the ALJ found that Baker was qualified to work as an electrical assembler, bench assembler, or cashier, titles for which collectively thousands of jobs existed in the State of Michigan. A.R. at 23-24.

The Report recommended denying Baker's motion for summary judgment and granting summary judgment to the Commissioner, finding that the ALJ's decision was supported by substantial evidence. Report at 1. Pursuant to 28 U.S.C. § 636(b)(1), on October 9, 2013, Baker filed an objection to the report. The Commissioner responded on November 6, 2013.

**STANDARD OF REVIEW**

Reports and recommendations for dispositive motions issued by a magistrate judge are reviewed pursuant to Civil Rule 72(b). The district judge referring the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Here, Baker objected to five findings made by the magistrate judge as to the ALJ's decision. Those findings will be reviewed de novo by the Court.

Judicial review of decisions by the Commissioner is authorized by 42 U.S.C. § 405(g). A reviewing court only examines an ALJ's determination to see if it is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Therefore, a review of the Commissioner's decision gives great deference to an ALJ's findings. A court should not replace an ALJ's judgment of the facts with its own view of the evidence unless an ALJ's finding is completely without support. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679 (6th Cir. 1989) ("We do not review the evidence de novo, make credibility determinations nor weigh the evidence."). If an ALJ's decision is supported by substantial evidence, the Court must accept the finding, even if substantial evidence would support a different finding as well. *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## DISCUSSION

I. The Failure to Find Depression to Be a Severe Impairment at Step 2

Baker takes issue with the Report's acknowledgment that depression was not a severe impairment while finding that the ALJ considered all of his symptoms in light of the evidence of the record in addressing his depression. Objections 3, ECF No. 16. He also states that this was wrong because records from Community Mental Health were not in the record. *Id.* at 4. Baker states that he was "deprived of a full and fair hearing" because depression was not considered a severe impairment when treatment records were not admitted into evidence.[1] *Id.* Baker does not provide further analysis than these conclusory statements.

A. Legal Standard

An ALJ determines the severity of a claimant's medically determinable impairments at step two. 20 C.F.R. § 920(a)(4)(ii). "[O]nce any one impairment is found to be severe, the ALJ must consider both severe and nonsevere impairments in the subsequent steps." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x. 516, 522 (6th Cir. 2008). In the subsequent steps, it is "legally irrelevant" that other impairments were determined to be not severe. *Id.*; *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008). Moreover, the ALJ's finding that depression was a non-severe impairment cannot create a basis for remand, given that any error at step two of the disability determination process would be harmless.

1 This part of Baker's argument will be considered separately in Parts III and IV since Baker has made additional objections regarding the omission of these documents. In considering the objection at bar, "[t]he court is confined to review the evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supposed by substantial evidence." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992).

*See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (holding that because the ALJ had found at least one other "severe" limitation, the severity of claimant's other condition was irrelevant for step two analysis and any error relating to it would be harmless).

A severe impairment or combination of impairments is one which significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). An impairment will be considered nonsevere only if it is a "slight abnormality which has such minimal effect on the individual that would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985).

B. Analysis

Here, the ALJ considered the evidence pertaining to Baker's depression and found that the condition was controlled with medication and caused no more than minimal limitation in his ability to perform basic mental work activities. A.R. at 18-19. For the purpose of this specific objection, Baker does not challenge that finding. As discussed above, nonsevere impairments, including Baker's depression, must be considered in the later steps of the analysis. Accordingly, the ALJ properly continued to consider the depression without finding it to be a severe impairment. And, the Report appropriately found that the classification of depression as nonsevere did not constitute reversible error since other impairments were found to be severe.

In any event, there is no reason to suggest that this determination was inappropriate based on the information before the ALJ at the hearing. The finding that depression was not severe was based on Dr. Schultz's records showing a diagnosis of depression and

prescription of medication in October 2010, and a follow-up report from December 2010 where Baker reported improvement. A.R. at 18. Improvement is relevant to the finding of severe impairments. *See Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6h Cir. 1984) ("The medical evidence reflected that appellant's impairments were controlled with medication and were not seriously disabling."). In addition, "[u]nless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509. Accordingly, the fact that Baker's condition improved within two months of treatment also suggests that his depression did not constitute a severe impairment for a sufficient period of time.

Therefore, the Court concludes that the ALJ's determination that depression was not a severe impairment is supported by substantial evidence and, even if it were not, that finding does not constitute reversible error.

II. Failure to Incorporate Any Psychological Limitations into Baker's Residual Functional Capacity.

Baker asserts that the ALJ's determination of residual functional capacity was not supported by substantial evidence because "[a] letter from North Country Community Mental Health therapist Agee noted [Baker] experienced symptoms of persistent depressed mood, anhedonia, loss of social interest, hopelessness, and periodic suicidal ideation." Objections 3. He argues, "Neither the ALJ Decision nor the Magistrate's Report give any rational basis for finding that these symptoms would only have a minimal limitation on Plaintiff's ability to perform basic mental work activities." *Id.*

This letter was not present in the evidentiary record before the ALJ and cannot be considered in evaluating whether the ALJ's decision was supported by substantial evidence. *Wyatt*, 974 F.2d at 685. Thus, the Court must deny this objection.

III. <u>Development of the Medical Records</u>

Baker next argues that the ALJ failed to fully develop his medical record at the hearing because he was unnrepresented. Objection 4-6. He further argues that an ALJ has a duty to further develop the record whether or not a claimant is represented by counsel. *Id*. at 5-6.

A. <u>Legal Standard</u>

"Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). This duty exists even when the claimant is represented by counsel. *Sutton v. Comm'r of Soc. Sec.*, No. 12-11043, 2013 WL 1117867, at *4 (E.D. Mich. Jan. 28, 2013).

"Only under special circumstances, i.e. when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x. 272, 275 (6th Cir. 2002); *see Lashley v. Sec. of Health & Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). The determination of whether the ALJ has failed to fully develop the record in derogation of the heightened responsibility is determined on a case-by-case basis and it is clear that a claimant may waive his right to counsel. *Nabours*, 50 F. App'x at 275.

B. <u>Analysis</u>

In the instant case, Baker clearly waived his right to be represented by counsel. As the magistrate judge pointed out, Baker was able to identify certain entries in his medical records regarding shoulder surgeries to be erroneous. Baker stated that his mother

understood the records better and she was given an opportunity to testify. He also had been represented by counsel during an earlier application for disability insurance benefits and was able to provide articulate testimony on his own behalf during the hearing. Upon viewing such a record, the Court agrees with the Report that the record does not show that Baker was incapable of presenting an effective case or that he was unfamiliar with hearing procedures so that a heightened duty to develop the record attached, particularly since the ALJ was independently charged with reviewing the medical evidence.

Baker argues that he was not capable of presenting an effective case because he did not note that certain of his psychiatric treatment records were not in evidence. Objections 6. It is undisputed, however, that other records regarding psychiatric treatment were in evidence and Baker has not demonstrated either how the ALJ should have been aware that the record was incomplete based on the evidence presented to her or how these records "would have enhanced a determination of disability." *See Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1172 (6th Cir. 1990).

Therefore, the Report did not err in concluding that the ALJ had no heightened duty to develop Baker's record.

IV. New Evidence of Mental Health Treatment

Baker argues that he submitted evidence to the Appeals Council that he did not present to the ALJ and, accordingly, urges the Court to remand his claim for a hearing based on this evidence. The new evidence consists of psychiatric treatment records dated from September 27, 2010 to January 13, 2011. A.R. at 240-54. Baker contends that the Report erred when it refused to remand the determination on the basis that the evidence

was not new as it was in existence at the time of the hearing. Objection 7. He claims that this conclusion does not take into account SSA's HALLEX manual's indication that evidence may be considered "new" even if it were in existence at the time of the hearing but was not submitted then. *Id.*

A. Legal Standard

It is well-settled that evidence submitted to the Appeals Council after the ALJ's decision, which is the type of proof at issue here, cannot be considered part of the record for purposes of substantial evidence review. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). "The district court can, however, remand the case for further administrative proceedings in light of new evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (Sixth Cir. 1996); *see* 42 U.SC. § 405(g). This type of remand is referred to as a "sentence six remand." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x. 542, 549 (6th Cir. 2002). It is equally well-settled that "[f]or the purposes of a 42 U.SC. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).

B. Analysis

Baker is incorrect in his assertion that the magistrate judge was bound by the HALLEX manual's provision that the Appeals Council may consider evidence as new even if it were not in existence at the time of the hearing. Instead, the magistrate judge was mandated to follow the federal caselaw that a remand cannot occur unless the evidence was not in

existence or available to the claimant at the time of the administrative proceeding. Baker has made no showing that these documents, which all pre-dated the hearing, were unavailable to him at that time.

Furthermore, Baker has not advanced any arguments that the evidence was material and that he had good cause for not presenting it at the hearing. He would need to meet significant bars to establish those additional elements as well. "[E]vidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357 (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). In addition, "[a] claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357. Therefore, the magistrate judge properly determined that Baker did not established his entitlement to a sentence six remand for a new hearing on his allegedly newly submitted evidence.

V. Opinion of Baker's Treating Physician

Baker's last argument is that the magistrate judge erred in finding that the opinion of his treating physician, Dr. Schultz, was included in the ALJ's determination of a residual functional capacity with a sit-stand option. Objection 7. He contends that a sit-stand option did not address his limited ability to sit or stand for prolonged periods of time, specifically limitations in the number of times during a work day he could change positions, or limitations in duration of standing or sitting. *Id.* at 8. He also argues that the Report failed to address the provision of SSA's Program Operations Manual System ("POMS"), which states that the residual functional capacity assessment must be specific as to the frequency

of the individual's need to alternate sitting or standing. *Id.*

B. Legal Standard

Social Security Ruling ("SSR") 83-10 states that the full range of light work requires standing or walking for a total of approximately six hours of an eight-hour workday with intermittent sitting during the remaining time. SSR 83-10, 1983 WL 31251, at *6. SSR 83-12, 1983 WL 31253, at *4, however, addresses situations where an individual can alternate between standing or sitting. This ruling explains that an individual who must alternate periods of sitting and standing is not functionally capable of doing either "the prolonged sitting contemplated in the definition of sedentary work" or "the prolonged standing or walking contemplated for most light work." *Id.* Nevertheless, the ruling acknowledges that some jobs in the national economy allow a person to sit or stand with a degree of choice, and states, "In cases of unusual limitation of ability to sit or stand, a [Vocational Specialist] should be consulted to clarify the implications for the occupational base." *Id.* "SR 83-12 specifically envisions situations. . . where an individual may require the option to sit or stand at will." *Render v. Comm'r of Soc. Sec.*, No. 12-10537, 2012 WL 6932154, at *10 n.8 (E.D. Mich. Nov. 27, 2012).

B. Analysis

Baker points to Dr. Schultz's finding that "pain has limited his ability to do activities involving bending, sitting or standing for prolonged periods." A.R. at 236. It is undisputed that the ALJ gave Dr. Schultz's opinion great weight. Furthermore, contrary to Baker's contention, the ALJ considered this opinion and followed the applicable guidance of SSR 83-112 by asking the vocational expert about an at-will sit-stand option. She also adhered

to the standard set forth in POMS because she specifically found that Baker's residual functional capacity, "required a sit/stand option, allowing him to sit or stand alternately, at will." A.R. at 20. The use of the term "at will" eliminates Baker's concern that the residual functional capacity did not account for the number of times a day he would need to change position or duration of time he could spend in one position. "At will" clearly means that Baker would be required to have a job that allowed him to sit or stand whenever he wanted to do so. Accordingly, the hypothetical question posed to the vocational expert was supported by substantial evidence and was not contrary to Dr. Schultz's opinion. Therefore, the Report did not err in reconciling Dr. Schultz's opinion with the stand-sit option.

## CONCLUSION

Substantial evidence supports the ALJ's conclusions with respect to Baker's depression and the sit-stand at will option in his residual functional capacity. In addition, the ALJ did not fail to sufficiently develop the record and Baker has not demonstrated his entitlement to a sentence six remand. No legal rule requires finding otherwise. The Court will not overturn the ALJ's findings, and, therefore, will deny Baker's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Magistrate Judge's Report (document no. 15) is **ADOPTED** over Baker's objections.

**IT IS FURTHER ORDERED** that Baker's motion for summary judgment (document no. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (document no. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint (document no.1) is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 9, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 9, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager